# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MINH NGUYEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24cv844 |
| | ) | |
| CHOICE HOME WARRANTY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for a recommendation on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket Entry 1) (the "Application") in conjunction with his pro se complaint (Docket Entry 2) (the "Complaint"). For the reasons that follow, the undersigned will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of this action under 28 U.S.C. § 1915(e)(2) as frivolous for lack of subject matter jurisdiction.

## RELEVANT STANDARDS

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted).

"Dispensing with filing fees, however, [i]s not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines . . . the action . . . is frivolous . . . ." 28 U.S.C. § 1915(e)(2)(B)(i).

The United States Supreme Court has explained that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word frivolous is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256-57 (internal quotation marks omitted). In assessing such matters, the court may "apply common sense." Nasim, 64 F.3d at 954.

"[The C]ourt may consider its subject matter jurisdiction as part of the frivolity review." Overstreet v. Colvin, No. 4:13-CV-261, 2014 WL 353684, at *3 (E.D.N.C. Jan. 30, 2014) (citing Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999)); see also Lovern, 190 F.3d at 654 ("[T]he absence of jurisdiction may be raised at

2

any time during the case, and may be based on the court's review of the evidence. Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure." (citation omitted)). Indeed, even absent Section 1915(e)(2)(B), the Court possesses "an independent obligation to determine whether subject-matter jurisdiction exists." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). This obligation exists because "federal courts are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (internal quotation marks omitted).

Facts supporting jurisdiction must appear in the complaint, see Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999), and the party asserting federal jurisdiction bears the burden of "show[ing] that jurisdiction does, in fact, exist," Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (internal quotation marks omitted). In assessing whether a party meets that burden, the Court must construe pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, "a court cannot construe what is not in the complaint," Killing v. Guma, No.

3

1:16-cv-514, 2016 WL 11668948, at *2 (E.D. Va. July 5, 2016) (italics omitted) (citing Brock v. Carroll, 107 F.3d 241, 242 (4th Cir. 1997)), and "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced," Merrell Dow Pharms., Inc., v. Thompson, 478 U.S. 804, 809 n.6 (1986).

## BACKGROUND

Liberally construed, the Complaint alleges that Choice Home Warranty (the "Defendant"), incorporated in Delaware with its principal place of business in New Jersey, breached its home warranty contract with Plaintiff, a North Carolina resident. (See Docket Entry 2 at 3-4.) According to the Complaint, Defendant sent unlicensed professionals to install a new water heater in Plaintiff's home (thereby voiding the manufacturer's warranty); the new water heater does not work; and Defendant refuses to repair it. (See id. at 4.) The Complaint alleges that the lack of hot water in their home exposed Plaintiff's family to unsanitary conditions, which caused Plaintiff's wife to develop a rash for which she required medical attention. (See id.) The Complaint, however, does not request any specific monetary or injunctive relief. (See id.) Finally, the Complaint asserts diversity of citizenship as its only basis for federal jurisdiction. (See id. at 3-4.)[1]

---

[1] The Complaint raises only state law claims (see id.), precluding federal question jurisdiction. See 28 U.S.C. § 1331 (granting federal courts "original jurisdiction of all civil actions arising under the Constitution [and] laws . . . of the United States").

4

**DISCUSSION**

As relevant here, under 28 U.S.C. § 1332, federal courts possess jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and [the parties qualify as diverse]." 28 U.S.C. § 1332(a). In diversity cases, "[b]oth the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of [the Complaint]." Denny v. Orient Lines, 375 F. Supp. 2d 1320, 1322 (D.N.M. 2005) (internal quotation marks omitted); see also Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 200 (4th Cir. 2008) (observing that "a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that the matter in controversy exceeds [$75,000]") (brackets and internal quotation marks omitted). The Complaint establishes neither.

To begin, diversity of citizenship jurisdiction "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." Central W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011); see also Sanderlin v. Hutchens, Senter & Britton, P.A., 783 F. Supp. 2d 798, 801 (W.D.N.C. 2011) ("[The p]laintiffs have not satisfied the complete diversity requirement. Specifically [the p]laintiffs and [d]efendant Hutchens, Senter & Britton, P.A. are both citizens of

North Carolina."). A corporation holds citizenship in both its state of incorporation and the state of its principal place of business, see 28 U.S.C. § 1332(c)(1), while other entities, like partnerships and limited liability companies ("LLCs"), "take the citizenship of their members," Americold Realty Tr. v. Conagra Foods, Inc., 577 U.S. 378, 379 (2016).

Here, although the Complaint identifies Defendant as incorporated in Delaware with a principal place of business in New Jersey, the Complaint fails to identify Defendant's business form (e.g., corporation, LLC, etc.). (See Docket Entry 2 at 2-4.)[2] Absent confirmation of status as a corporation, Defendant takes the citizenship of all of its members, see Americold, 577 U.S. at 379, none of which the Complaint identifies (see Docket Entry 2 at 1-5). Thus, the Complaint lacks sufficient factual allegations to affirmatively establish that complete diversity exists between Plaintiff, a North Carolina resident, and Defendant.

Turning to the amount-in-controversy requirement, generally, "the sum claimed by the plaintiff controls the amount in controversy determination." JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010) (internal quotation marks omitted). When

---

2 In that regard, the Delaware Secretary of State's business entity search tool returned results for, inter alia, "Choice Homes, Inc." and "Choice Homes, LLC," but not a "Choice Home Warranty." See General Information Name Search, State of Delaware Department of State: Division of Corporations, https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx (last visited Dec. 17, 2024).

6

Case 1:24-cv-00844-UA-LPA   Document 4   Filed 01/30/25   Page 6 of 9

a complaint "seek[s] declaratory or injunctive relief . . . the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977). In addition, "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the [jurisdictional amount] . . . the suit will be dismissed." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

Here, the Complaint lacks factual allegations as to any amount in controversy, let alone an amount exceeding $75,000. (See Docket Entry 2.) The Complaint also fails to request injunctive or declaratory relief. (See id.) Construing the Complaint liberally, see Erickson, 551 U.S. at 94, Plaintiff arguably seeks injunctive relief for water heater repair or replacement, and/or damages sufficient to repair or replace the water heater (see id. at 4). However, the Complaint lacks any facts showing that the cost of water heater repairs, or even a new water heater, would exceed $75,000. (See id.)

Similarly, liberally construing the Complaint as seeking consequential damages for Plaintiff's wife's medical expenses, the Complaint's sparse factual allegations fail to show how such damages (even combined with the cost of a new water heater) would exceed $75,000. (See id.) And even if the medical expenses did exceed $75,000, the Complaint does not allege facts showing that

7

Plaintiff plausibly could recover such damages. As a general principle, on a breach of contract claim:

> Damages are not recoverable for loss that the party in breach did not have reason to foresee as a probable result of the breach when the contract was made. [] Loss may be foreseeable as a probable result of a breach because it follows from the breach (a) in the ordinary course of events, or (b) as a result of special circumstances, beyond the ordinary course of events, that the party in breach had reason to know.

Restatement (Second) of Contracts § 351 (Am. Law Inst. 1981).[3]

Here, the Complaint does not allege facts suggesting that, when it entered the home warranty contract, Defendant had reason to know its breach could cause skin problems for Plaintiff's wife or that such skin problems ordinarily follow the breach of a home warranty contract. (See Docket Entry 2.) As such, the Court cannot consider such damages in assessing the amount in controversy

---

[3] If the Court possesses diversity jurisdiction in this case, it must apply North Carolina choice-of-law rules, see Volvo Constr. Equip. N. Am., Inc., v. CLM Equip. Co., Inc., 386 F.3d 581, 599-600 (4th Cir. 2004), which provide that, absent a valid choice-of-law clause, the law of the place where the parties made the contract governs, see Tanglewood Land Co. v. Byrd, 261 S.E. 2d 655, 656 (N.C. 1980). The Complaint lacks any facts about this location, but based on its allegations regarding the parties' citizenships, (see Docket Entry 2 at 3-4), North Carolina, Delaware, or New Jersey law likely could apply. Courts in all three states follow the same general principle set forth in the Restatement (Second) of Contracts, which limits recovery of consequential damages to foreseeable losses. See, e.g., McAdoo v. University of N.C. at Chapel Hill, 736 S.E. 2d 811, 822 (N.C. Ct. App. 2013); Pierce v. International Ins. Co. of Ill., 671 A.2d 1361, 1367 (Del. 1996); Donovan v. Bachstadt, 453 A.2d 160, 165 (N.J. 1982); Restatement (Second) of Contracts § 351.

and should dismiss the Complaint for lack of subject matter jurisdiction. See St. Paul, 303 U.S. at 289.

## **CONCLUSION**

The Complaint fails to establish complete diversity or an amount in controversy exceeding $75,000, necessitating its dismissal for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that the Application (Docket Entry 1) is **GRANTED** for the limited purpose of considering this recommendation of dismissal.

**IT IS FURTHER RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for lack of subject matter jurisdiction.

This 30th day of January, 2025.

                                        /s/ L. Patrick Auld
                                           **L. Patrick Auld**
                              **United States Magistrate Judge**